IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | Criminal No. RDB-16-0163 |
| COURTNEY BARRETT, | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**<u>MEMORANDUM ORDER</u>**

On September 29, 2016, Defendant Courtney Barrett ("Defendant" or "Barrett") pled guilty to one count of conspiracy to distribute and possess with intent to distribute more than one kilogram of heroin in violation of 21 U.S.C. § 846. (Arraignment, ECF No. 44.) Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), the parties stipulated that the appropriate sentence was 72 months' incarceration. (Plea Agreement, ECF No. 46 ¶ 8.) On January 18, 2017, this Court sentenced Barrett to 72 months' incarceration and four years' supervised release. (ECF No. 69.) Barrett has served approximately half of that sentence and is projected for release on September 28, 2022. (ECF No. 94-1.)

On May 13, 2020, Barrett's mother, Candace Barrett, filed correspondence with this Court, seeking the release of her son for reasons related to the COVID-19 pandemic. (ECF No. 93.) According to her letter, two of Defendant Barret's children suffer from chronic asthma. (*Id.*) The letter asserted that Barrett should be released to home confinement so that he could assist in rearing his children. (*Id.*) This Court construed Mrs. Barrett's letter as a Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) and denied such

1

Motion. (ECF No. 95 *SEALED*.) Now pending is Defendant Barrett's *pro se* Motion for Compassionate Release (ECF No. 96) filed on August 10, 2020. Barrett again asserts that his release is appropriate due to ongoing concerns about the care of his children. (ECF No. 96.) No hearing is necessary. *See* Local Rule 105.6 (D. Md. 2018). For the reasons stated herein, Barret's Motion for Compassionate Release (ECF No. 96) is DENIED.

A prisoner may request a reduction in sentence to time served—sometimes called compassionate release—for "extraordinary and compelling reasons" pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). The First Step Act of 2018, Pub. L. 115-391, 132 Stat. 5194, established significant changes to the procedures involving compassionate release from federal prison. Before the First Step Act, 18 U.S.C. § 3582(c)(1)(A)(i) provided the Bureau of Prisons ("BOP") with sole discretion to file compassionate release motions with the Court. With the passage of the First Step Act, defendants are now permitted to petition federal courts directly for compassionate release whenever "extraordinary and compelling reasons" warrant a reduction in sentence.

The Act permits a defendant to seek a sentence reduction after he "has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the Defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Once these mandatory conditions are satisfied, this Court may authorize compassionate release upon a showing of "extraordinary and compelling reasons" and after weighing the factors presented in 18 U.S.C. § 3553(a). 18 U.S.C. § 3582(c)(1)(A)(i). As Judge Blake of this Court has recognized, the First Step Act authorizes the district courts to exercise their "independent

discretion to determine whether there are 'extraordinary and compelling reasons' to reduce a sentence." *United States v. Bryant*, CCB-95-0202, 2020 WL 2085471, at *2 (D. Md. Apr. 30, 2020).

Defendant Barrett argues that compassionate release relief is appropriate in this case because his children suffer from severe asthma and he is needed at home to assist with child-rearing. (ECF No. 96.) In denying Mrs. Barrett's previously filed Motion (ECF No. 93), this Court held that these same concerns related to his children's health did not provide a basis for a finding of "extraordinary and compelling reasons" for release. (ECF No. 95 at 3 *SEALED* (citing *United States v. Johnson*, No. RDB-09-272, 2020 WL 3791976, at *2 (D. Md. July 7, 2020) (defendant's concern for family at home did not constitute "extraordinary and compelling reason to justify his release").) This Court further held that the sentencing factors provided in 18 U.S.C. § 3553(a) did not warrant release either. (*Id.* at 4 *SEALED*.) This Court's position has not changed.

For the same reasons set forth in this Court's Memorandum Order on July 22, 2020 (ECF No. 95 *SEALED*), it is HEREBY ORDERED this 14th Day of January, 2021, that the Defendant Barret's Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) (ECF No. 96) is DENIED.

/s/
Richard D. Bennett
United States District Judge

3